IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:02-00200-01
 (CIVIL ACTION NO. 3:04-0777)

JUAN NICHOLAS
 also known as "Scan"

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Movant's Motion Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and/or 28 U.S.C. § 2255, Motion to Amend the Habeas Corpus, and Motion Requesting to Amend Pending §2255 Motion under Fed. Civ. R. 15(c)(2).

Magistrate Judge Taylor's findings and recommendation were filed on September 18, 2006 and primarily addressed Movant's objection to the career offender sentencing determination by this Court. The findings and recommendation noted that there were other claims by Defendant that were without merit. The Court adopted Magistrate Taylor's recommendation for re-sentencing Movant without the career offender provision and withheld a decision on the remaining issues until Movant was able to file any objections. Movant objects to the findings and argues that his claims, that the Court inappropriately applied evidence of relevant conduct, included a two-point enhancement for possession of a dangerous weapon, the U.S. Attorney breached the plea agreement and Movant's counsel was ineffective for failing to object to these claims, do have merit.

The Court has reviewed Movant's objections and has found that his claims are without merit. Therefore the Court **ADOPTS** the findings and recommendation and **DENIES** Movant's Motion.

**Statement of the Case**

On August 13, 2001 Movant sold 2.75 grams of cocaine base to a police informant. On April 6, 2002 Defendant was stopped by a police officer while driving without a license. When his passenger, Ms. Province, was asked to exit the car a small quantity of cocaine base was seen on the car seat. Both parties were arrested and at the police station 15.4 grams of cocaine base was found on Ms. Province. Ms. Province testified before the Court that Movant had given her the drugs and told her to hide them when they saw the police car. Police confiscated the car and after obtaining a search warrant, they did a thorough search of the car. Police found a room key for the Ramada Inn at the Huntington Mall location and identification card of a person named Sean Robertson. Police determined a person named Sean Robertson had rented a room 154 at the Ramada Inn and Movant had a key for room 154 on his person when he was arrested. Movant was released on bond.

On October 21, 2002 police found Movant at a Days Inn and executed an arrest warrant for the August 13, 2001 offense. Movant gave the officers permission to search his vehicle where they found cocaine base in the side door pocket and a black denim jacket with cocaine base was found in the trunk with a .38 caliber Derringer pistol in a travel bag, as well as other items. The tests conducted on the cocaine base found that there were 34.9 grams in the car.

A two count indictment was filed against Movant for the August 13, 2001 sale of cocaine base as count I and the April 6, 2002 arrest stemming from the traffic violation as count II. Movant pled guilty to count I of the indictment and count II was dismissed per the plea agreement. Movant was sentenced as a career offender based on two convictions in his criminal history. In one of the charges Movant was sentenced on May 13, 1991, more than ten years from the current activity. The Court included the 34.9 grams of cocaine base found in his car and the 15.4 grams found on Ms.

Province as relevant conduct. Ms. Province testified at the sentencing hearing and the court found her testimony reliable. The Court also applied the two point enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). On March 10, 2003 Movant was sentenced to 188 months.

Movant appealed his sentence. Movant objected to the inclusion of relevant conduct to enhance his sentence. The Fourth Circuit affirmed the sentence and the determination that the entire drug amount was to be considered as relevant conduct. *United States v. Nicolas*, 71 Fed. Appx. 218 (2003). Movant filed his initial application for habeas relief under 28 U.S.C. §2255, July 28, 2004. In his initial motion Movant challenged his career offender status, the use of the entire amount of drugs as relevant conduct and the two point enhancement for weapon possession. On August 11, 2004, Movant filed a Motion to Amend Habeas Corpus to include a charge that prosecutors had breached the plea agreement and acted fraudulently because they knew the conduct listed in the dismissed count would be incorporated into his sentencing through relevant conduct. Finally, on October 18, 2005, Movant filed a Motion to Amend his petition to include allegations of ineffective assistance of counsel. He argues that the claim is allowed under Federal Rules Civil Procedure 15(c)(2) as a relation back to his initial claims.

Pursuant to 28 U.S.C. § 636(b) and a standing order, Movant's §2255 Motion was referred to Magistrate Judge Taylor for proposed findings and recommendation. Magistrate Judge Taylor found that Movant was improperly sentenced as a career offender and denied all other claims by Movant as without merit. The Court resentenced Movant on January 22, 2007 to 151 months. Movant is appealing that sentence.

### Standard of Review

Movant objects to many of the Magistrate Judge's findings and his recommendation, therefore this Court's review is *de novo*. 28 U.S.C. § 636(b)(1)(C). The Court will address each of the Movant's grounds for relief below.

### *Apprendi***'s Application to Sentencing Enhancements and Relevant Conduct**

After appealing the inclusion of the entire amount of drugs as relevant conduct and losing that appeal, Movant asserts that this Court erred by considering conduct not charged in the indictment to which he pled, and did not require relevant conduct to be proven beyond a reasonable doubt. Movant challenges the relevant conduct as well as the enhancement for possession of a dangerous weapon. Movant relies on *Blakely v. Washington*, 542 U.S. 296 (2004) and *Apprendi v. New Jersey* 530 U.S. 436 (2000) in error. *Blakely* is not to be applied retroactively. *United States v. Price*, 400 F.3d 844, 848 (10th Cir. 2005). *Apprendi* applies only in situations where the Movant's sentence exceeds the statutory maximum, which is not the case here. *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir. 2001). The use of relevant conduct and the enhancement for the weapons possession can not be challenged through this line of cases. Further since the weapons possession was not included in the appeal by Movant it is not properly before the Court. *Gilbert v. United States,* 47 F.Supp. 2d 733, 734 (S.D.W. Va. 1999).

### Breach of Plea Agreement

Movant argues that the government knew that the conduct in count II would be used as relevant conduct in sentencing, even though it was dismissed, and therefore the government acted fraudulently. Movant claims the guilty plea was induced by a specific promise to dismiss count II. The government states this claim has been waived because it was not included in Defendant's

Appeal. Also, the Court explained the parameters of the plea agreement at the plea hearing. Movant's plea was voluntary and he was represented by counsel.

The Fourth Circuit has held that a "the district judge may consider the quantities of cocaine not specified in the count to which the defendant enters his guilty plea in computing the defendant's base offense level under the sentencing guidelines." *United States v. Williams*, 880 F.2d 804, 805 (4th Cir. 1989); *United States v. Mosby*, 2007 WL 136699 (4th Cir. 2007) (unpublished). There is no merit to Movant's claim. The maximum sentence he was subject to was identified in the plea agreement, the Court explained to him that it could not determine the sentence until after the presentence report was submitted and his plea was voluntary and made with counsel present. Further he did not include this claim in his appeal or initial § 2255 petition and has therefore waived review of this claim. *Gilbert,* 47 F. Supp.2d at 734.

### Ineffective Assistance of Counsel Claims

Movant offers several arguments in support of his ineffective assistance of counsel claim. In order to prevail on this claim, Movant needs to show that "counsel's representation fell below an objective standard of reasonableness," and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). Accordingly, this Court looks to each ineffective assistance claim to determine 1) if the described conduct was objectively unreasonable, and if so 2) if counsel's errors were the "but for" cause of the Movant's conviction.

Movant filed the amendment to include claims that counsel failed to object to the sentencing enhancements and the breach of contract over fourteen months after his initial petition. In determining whether the amendment will be considered timely the "courts have typically applied

the Federal Rules of Civil Procedure 15 to the amendment." *See United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Rule 15 of the Federal Rules of Civil Procedure does allow for amendments to the petition after the one year statute of limitations if the amendment relates back to the original timely filed petition. A claim relates back if it "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed R. Civ. P. 15. The Section 2255 motion form used by petitioner states that the motion must include all grounds that are alleged, and further warns that "[i]f you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date." The Rule 15 provision to allow amendments if they relate back to the original petition should not be interpreted too generally. *Pittman*, 209 F.3d at 318. The amended claims do not automatically relate back because the claim arises from the same trial or sentencing proceeding as in the original motion. *Id*. The claims are not sufficiently related simply because the original and amended claims are based on the same theory, such as ineffective assistance of counsel. *See United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999). "An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644 (2005); *see also Pittman*, 209 F.3d at 318.

The claims of ineffective assistance of counsel do not relate back to his initial §2255 petition since they are different in type. The claims are based on entirely new grounds for relief and entail different facts and standards for review. Further, Movant has not shown that "counsel's representation fell below an objective standard of reasonableness," and "that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. at 688, 694. The claims are without merit.

## Conclusion

For the aforementioned reasons the Court the Court **ADOPTS** Magistrate Judge Taylor's findings and recommendation and **DENIES** Movant's petition for relief under Section 2255. The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Taylor, counsel of record, and any unrepresented parties.

        ENTER:    March 6, 2007

        ROBERT C. CHAMBERS
        UNITED STATES DISTRICT JUDGE